**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA**

**Criminal No.**

**v.**                                                      **5:07-CR-443  (NAM)**

**EFRAIN J. ROSA,**

**Defendant.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES' MEMORANDUM**
**IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR RECUSAL OF THE COURT**

**I.  INTRODUCTION**

A nineteen count Superseding Indictment filed March 14, 2008, charges defendant EFRAIN

ROSA with the following federal offenses:

Counts 1, 2, and 3, each charge EFRAIN ROSA with employing, using, persuading,

inducing, enticing and coercing minors, to wit: a 4 year old  male child, an 8 year old male child, and

a 9 year old male child, respectively, to engage in sexually explicit conduct, and the lascivious

exhibition of the genitals and the pubic area of said minors, for the purpose of producing visual

depictions of such conduct, where the visual depictions were produced using materials that have

been mailed, shipped, or transported in interstate or foreign commerce.  Each count is charged in

violation of Title 18, United States Code, Section 2251(a).

Count 4 charges the defendant with knowingly intimidating, corruptly persuading, and engaging in misleading conduct toward a 12 year old child with the intent to influence the child's testimony in an official proceeding, that being the prosecution and trial of the defendant in Criminal Action No. 07-CR-443, in violation of Title 18, United States Code, Section 1512(b)(1).

Counts 5 and 6 charge that ROSA knowingly received, on two separate computers, child pornography that had been transported in interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2)(A).

Counts 7 - 19 charge that ROSA knowingly possessed, on 13 separate forms of media, child pornography that had been mailed, shipped, and transported in interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

The Indictment also contains a forfeiture allegation.

ROSA is detained, having been found by United States Magistrate Judge George H. Lowe, after a detention hearing held on January 22, 2008, to be both a risk of flight and a danger to the community.

On August 4, 2008, pursuant to the defendant's motion to suppress his post-arrest statements, an evidentiary hearing was held before this Court. The Court's decision denying the defendant's motion was rendered in open court on August 6, 2008. Trial is scheduled to commence on November 3, 2008.

—————————————

Defendant has now filed a motion seeking this Court to recuse itself from his case. ROSA's asserted basis for recusal is at best speculative and indirect, and should be rejected. Analysis of the recusal statute apparently relied on by the Defendant, and decisions from this Circuit and other

federal courts applying it, makes plain that the circumstances alleged here wholly fail to reasonably

bring into question the Court's impartiality.

## II.  THE LEGAL STANDARD
## RELIED UPON BY THE DEFENDANT

Defendant relies on  Title 28, United States Code, Section 455(a) to support his argument that

the Court should recuse itself.  That subsection provides:

> (a)  Any justice, judge, or magistrate judge of the United
> States shall disqualify himself in any proceeding in which his
> impartiality might reasonably be questioned.

The test to be applied, then, is an "objective one which assumes that a reasonable person knows and

understands all the relevant facts."  *In Re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1313 (2d

Cir. 1988), quoting *Pepsico, Inc. v. McMillan*, 764 F.2d 458, 460 (7th Cir. 1985); *United States v.*

*Ferguson*, 550 F.Supp. 1256, 1260 (S.D.N.Y. 1982).  Under this test, a judge is to determine whether

there exists an appearance of impropriety:

> . . . – not by considering what a straw poll of the only partly informed
> man-in-the-street would show – but by examining the record facts and
> the law, and then deciding whether a reasonable person knowing and
> understanding all the relevant facts would recuse the judge.

*Id.*[1]

In assessing whether a court's impartiality might reasonably be questioned under this

"objective" standard, however, the "concern for appearances" does not require a "concern for

---

[1] Judges must also be "alert to avoid the possibility that those who would question [their] impartiality are in fact seeking to avoid the consequences of [the judge's] expected adverse decision." *United States v. Lovaglia*, 954F.2d 811, 815 (2d Cir. 1992), quoting H.R. Rep. No. 1453, 93d Cong., 2d Sess., reprinted in 1974 U.S.C.C.A.N. 6351, 6355.

mirages." *United States v. El-Gabrowny*, 844 F.Supp. 955, 961 (S.D.N.Y. 1994). Accordingly, the grounds set forth in a recusal motion must be "scrutinized with care," and judges should not recuse themselves "solely because a party claims an appearance of partiality." *In Re Aguinda*, 241 F.3d at 201. Rather, the Second Circuit has stated that Section 455(a) requires:

> . . . a showing that would cause "an objective, disinterested observer
> fully informed of the underlying facts [to] entertain significant doubt
> that justice would be done absent recusal."

*Id.*, quoting *United States v. Lovaglia*, *supra*, 954 F.2d at 815.

Where a recusal motion relies on merely "remote, contingent, indirect or speculative interests," recusal would be improper. *United States v. Lovaglia*, at 815. In cases where "the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *Aguinda, supra*. Indeed, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." *Drexel Burnham Lambert*, *supra*, 861 F.2d at 1312.

### III.  LEGAL DISCUSSION

ROSA's motion seeking recusal of this Court is based entirely on Your Honor's apparent membership in the Tigris Shrine. The defendant questions this Court's impartiality based upon that membership and the allegation that during an unspecified time period in which the defendant's father was "the CEO of the Tigris Shrine . . . there was a significant amount of antagonism toward him surrounding matters which dealt with the future of the Shrine under his leadership." [2] And that,

---

[2] The U.S. Attorney's Office has no direct knowledge of Your Honor's membership in the Tigris Shrine, or that of the defendant's father. Nonetheless, for the limited purpose of this motion, and the Court's objective analysis of the relevant circumstances and law here, we are prepared to accept this allegation as true.

apparently, an unnamed member of the organization "contacted" in some form, the Shrine World

Headquarters "to discuss" the defendant's arrest in this matter.  The defendant does not allege that

this Court was at all involved in that "contact", or that the Court, before reading the defendant's

motion, was at all aware of it.  In fact, ROSA does not point to any *fact* in support of his challenge

to this Court's impartiality.  Instead, simply based upon membership in a large organization, ROSA

infers that the "antagonism" surrounding his father's(apparently previous) leadership of the Tigris

Shrine would evoke partiality by the Court.

       Section 455(a) does not call for nor permit recusal in the face of such "remote,

contingent, indirect or speculative interests."  Instead, "[a] motion for recusal must identify cold,

hard, facts which create the appearance of partiality." *Sexson v. Servaas,* 830 F.Supp. 475, 481 (S.D.

Ind. 1993), quoting *Spangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327 (S.D. Ind. 1991)(internal

quotation marks omitted).  Such is not the case here where (accepting Defendant's allegations for

purposes of this motion) Your Honor's membership in the Tigris Shrine and Mr. Rosa's questioned

leadership of that organization are too remote, contingent, and indirect to permit, much less warrant,

recusal pursuant to 28 U.S.C. § 455(a).

    Significantly, ROSA does not base his motion on §455(b)(1), or allege personal bias or

prejudice against the defendant as a result of the Court's affiliation with the Tigris Shrine, and his

father's apparent controversial tenure as CEO.  Accordingly, what "impartiality" ROSA infers from

the association is puzzling at best.

## IV.  CONCLUSION

For the reasons set forth above, defendant ROSA's motion asking this Court to recuse itself should be denied.  While the appearance of impartiality has appropriately been recognized to be as important as actual impartiality, the asserted basis underlying such "appearance" must still meet a base standard of sufficiency under subsection (a), otherwise the provision would essentially serve as an opportunity for litigants to judge-shop.  "Litigants are entitled to an unbiased judge, not a judge or their choosing."  *In Re Drexel Burnham*, *supra*, at 1312.  Therefore, a motion to recuse must be closely analyzed to ensure that a sufficient appearance of impartiality, rather than the mere "concern for mirages" created by remote and speculative interests, is shown.

Dated:  September 8, 2008                          Respectfully submitted,

                                                   ANDREW T. BAXTER
                                                   Acting United States Attorney
                                                   Northern District of New York


                                        By:  /s/
                                             Lisa M. Fletcher
                                             Assistant U.S. Attorney
                                             Bar Roll No. 510187

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************************

UNITED STATES OF AMERICA,

V.

**5:07-CR-443  (NAM)**

EFRAIN J. ROSA,

Defendant,

*******************************************

I hereby certify that on September 8, 2008, I electronically filed the **GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR RECUSAL OF THE COURT** with the Clerk of the District Court using the CM/ECF system.

Lisa Peebles, Esq.

/s/
Tayler M. Robinson

7