UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
* * * * * * * * * * * * * * * * * * * * * * * * *
UNITED STATES OF AMERICA,

  -v-                                                                 5:07-CR-443

EFRAIN ROSA,

                Defendant.
** * * ** * * * ** * * * * * * * * * * * * * * *
APPEARANCES:                                    OF COUNSEL:

Andrew Baxter, Acting                           Lisa M. Fletcher, Esq.
United States Attorney                          Assistant U.S. Attorney
Northern District of New York
James M. Hanley Federal Building
 and Courthouse
P.O. Box 7198
100 South Clinton Street
Syracuse, New York  13261-7198


Alexander Bunin                                 Lisa A. Peebles, Esq.
Federal Public Defender                         Assistant Federal Public Defender
4 Clinton Square, 3rd Floor
Syracuse, New York  13202
*Attorney for Defendant*

**Norman A. Mordue, Chief U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

      Defendant herein has made two motions - one that requests that I recuse myself from

consideration of this matter and the second which seeks reconsideration of this Court's previous

denial of defendant's motion to suppress evidence.  In connection with recusal, the Court has

considered the arguments raised by defendant both in his papers and at the hearing on this matter

conducted on September 12, 2008, and rejects them.

      The Court finds that by any objective standard, my mere membership in the Tigris Shrine

of which defendant's father was at one time CEO is not a factor which calls into question my

impartiality. *See* 28 U.S.C. § 455(a). Insofar as the alleged "antagonism" surrounding defendant's father's leadership of the Tigris Shrine and the alleged passing on of information concerning defendant's arrest and prosecution in this case from unidentified Shrine member(s) to the organization's World Headquarters, I have no knowledge of or interest in these purported facts. Indeed, although I am a dues paying member of the Tigris Shrine, I have attended only two meetings in the last twenty-five (25) years. Moreover, I have no recollection of ever meeting defendant's father. Consequently, there is no evidence that actual bias on the part of the Court exists or that there would be an appearance of bias in my continued presiding over this case.

Regarding defendant's second motion, reconsideration is appropriate in light of an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983). The decision whether to reopen a suppression hearing lies within the Court's discretion. *See United States v. Bayless*, 201 F.3d 116, 131-32 (2d Cir. 2000). In the present case, defendant has failed to raise new facts or law in his motion for reconsideration of this Court's denial of his motion for suppression. Rather, he relies solely on grounds raised previously and rejected expressly by the Court.

Based on the foregoing, it is hereby

ORDERED that defendant's application for my recusal pursuant to 28 U.S.C. § 455(a) is DENIED and it is further

ORDERED that defendant's motion for reconsideration of the Court's August 6, 2008,

Order which denied his motion for suppression is DENIED.

IT IS SO ORDERED.

Dated: September 12, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

3