IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,


v.                                              CASE NO. 07-CR-443 (NAM)


EFRAIN ROSA,

          Defendant.

---

# <u>SENTENCING MEMORANDUM</u>


DATED:     February 5, 2009          ALEXANDER BUNIN
                                             Federal Public Defender


                                 By:

                                        Lisa A. Peebles, Esq.
                                        Assistant Federal Public Defender
                                        Bar Roll No. 507041
                                        Clinton Exchange, 3rd Floor
                                        4 Clinton Street
                                        Syracuse, New York   13202
                                        (315) 701-0080

## PRELIMINARY STATEMENT

On October 9, 2008, Efrain Rosa pled guilty to four counts of the Superseding Indictment, which charges him with three counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and one count of Intimidating a Witness, in violation of 18 U.S.C. § 1512(b)(1), (J).  A Pre-Sentence Report ("PSR") was prepared in anticipation of Mr. Rosa's sentencing, which is currently scheduled for February 10, 2009.  According to the PSR, Mr. Rosa's total advisory offense level is 54 and his criminal history category is I, which results in a recommended sentencing range of Life.   The statutory maximum term of imprisonment, however, is 30 years for each count of conviction and the statutory mandatory minimum is 15 years imprisonment.

Defense counsel has objections to the PSR which will be more fully set forth below.

Mr. Rosa respectfully submits this Memorandum in support of a sentence "sufficient, but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a) and in light of *United States v. Booker,* 543 U.S. 220 (2005).  In this case, a sentence of 15 years imprisonment in addition to a term of supervision, is sufficient, but not greater than necessary, to achieve the statutory purposes of punishment.

### Objections to the PSR

Defense Counsel objects to paragraph 14 which references 807 image files from DVD's depicting children some of whom have been identified through the National Center for Missing and Exploited Children.  Mr. Rosa was not convicted of possession or receipt of child pornography and therefore those allegations should be stricken from the report, particularly as referenced in the Victim Impact section of the report.

Defense Counsel objects to paragraph 21 of the PSR on page 13, which suggests that a

photograph of V-3 depicts an adult male penis penetrating the anus of V-3.   Defense counsel does not believe any of the photographs depict an adult male penis penetrating the anus of V-3. Specifically, defense counsel believes that one photograph portrayed an adult penis between V-3's legs.   There is no penetration and, therefore, no basis to increase defendant's advisory offense level by 4 levels, which claims a portrayal of sadistic or masochistic conduct.   This paragraph should be stricken from the PSR, and the advisory offense level for count one should be reduced by 4.

Also, Defense counsel objects to paragraph 20, 29 and 37, which contains a specific offense characteristic for involving the commission of a sexual act or contact and provides for a two-level enhancement under U.S.S.G. § 2G2.1(b)(2)(A).   With regard to Count 1, the images depicted V-3 naked, lying on a bed and sleeping.  The second image depicted the child with his genitals exposed and an adult male penis between the legs of the child.  The image, therefore, did not depict a sex act or sexual contact.  With respect to paragraph 29 which refers to V-4, Mr. Rosa is charged in Oswego County Court for the actual commission of a sexual act with specific reference to V-4.   Therefore, he should not receive additional punishment in this Court for conduct he must address in the state tribunal.   Paragraph 29 should be stricken from the report and his offense level should be reduced by 2.

Paragraph 37 adds four levels to Mr. Rosa's advisory offense level as it pertains to Count 3.   Specifically, the PSR alleges that the offense conduct as it relates to V-1 involved the commission of a sex act and the placing of a loaded handgun at the temple of the victim.   There is no credible evidence that Mr. Rosa ever held a handgun to the temple of V-1, and, thus, this paragraph should be stricken from the report.   In addition, Mr. Rosa is charged in Oswego

2

County Court with the commission of a sex act in connection with allegations made by V-1, and he should not receive additional punishment in this Court for any related conduct. His advisory offense level as it pertains to Count 3 should be reduced by 4 levels.

Defense counsel objects to paragraph 80 of the Report on pages 22-23 which suggests that the defendant has not established his inability to pay a fine. Mr. Rosa filled out a detailed financial questionnaire under penalty of perjury when he applied for appointment of counsel in federal court on October 5, 2007. Based upon the information provided to the Court, Mr. Rosa was appointed assigned counsel, specifically, the Office of the Federal Public Defender. He has been in continuous custody since his arrest on September 26, 2007. His financial condition/situation has not changed since the Court appointed our office to represent him, and he continues to qualify for assignment of counsel. Therefore, he has in fact established that he does not have the ability to pay a fine. Moreover, Mr. Rosa's income and employment history was provided to the probation department during his pre-trial interview, and he was not able to offer any type of security as a condition of release other the equity in the home owned by his parents. Finally, it is unlikely that Mr. Rosa will ever be in a position to pay a fine in light of the lengthy term of imprisonment he faces.

## POST-*BOOKER* SENTENCING CONSIDERATIONS

**A.      The Advisory Nature of the Sentencing Guidelines.**

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the United States Sentencing Guidelines, as previously employed, were unconstitutional because they deprived the defendant of his or her Sixth Amendment right to a jury trial on the factual determinations made by the court at sentencing that could have the effect of enhancing the

defendant's sentence.  Accordingly, the *Booker* remedy opinion rendered the Guidelines advisory.  *See United States v. Kimbrough*, 552 U.S.__, 128 S.Ct. 558, 564 (2007) ("We hold that, under *Booker,* the cocaine Guidelines, like all other Guidelines, are advisory only . . ..").

Although formerly mandatory, the Guidelines "now serve as one factor among several courts must consider in determining an appropriate sentence."  *Kimbrough*, 128 S. Ct. at 564; *see also Gall v. United States*, 552 U.S.__, 128 S.Ct. 586, 602 (2007) (same).  As the Court recently clarified in *Gall,* "the Guidelines should be the starting point and the initial benchmark" in determining a sentence.  *Gall,* 128 S.Ct. at 596 ("[a] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.").  Although district courts must "give respectful consideration to the Guidelines," "the Guidelines are not the only consideration."  *Kimbrough,* 128 S.Ct. at 570; *Gall,* 128 S.Ct. at 596.  Instead, district courts must "tailor the sentence in light of other statutory concerns as well."  *Id*. (quoting *Booker,* 543 U.S. at 245-246).  These statutory concerns include the following:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;
(2)     the need for the sentence imposed–
    (A)      to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B)     to afford adequate deterrence to criminal conduct;
    (C)     to protect the public from further crimes of the defendant; and
    (D)     to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3)     the kinds of sentences available;
(4)     the kinds of sentence and the sentencing range established for–
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines– . . .
(5)     any pertinent policy statement– . . .
(6)     the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)     the need to provide restitution to any victims of the offense.

4

18 U.S.C. § 3553(a).

In addition to restoring importance to these factors, *Booker* and its progeny breathed new life into the primary sentencing mandate of § 3553(a), which requires the sentencing court to impose a minimally sufficient sentence to achieve the statutory purposes of punishment–justice, deterrence, incapacitation, and rehabilitation–by imposing a "sentence sufficient, but not greater than necessary," to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).  *See Kimbrough*, 128 S.Ct. at 570.  This so-called "parsimony provision" is not simply a factor to be considered in determining a sentence; it represents a cap above which the sentencing court is statutorily prohibited from imposing, even when a greater sentence is recommended by the sentencing guidelines.  *Id*.

In fulfilling this "parsimony provision," the district court judges must now consider and respond to non-frivolous arguments that the guideline sentence itself reflects an unsound judgment because it fails properly to reflect § 3553(a) considerations, does not treat defendant characteristics in the proper way, or a different sentence is appropriate regardless.  *Rita v. United States,* 551 U.S. __, 127 S.Ct. 2456, 2468 (2007).  Accordingly, district courts are no longer required, or permitted, to simply defer to Commission policies, and the judge "may not presume that the Guidelines range is reasonable," but must "make an individualized assessment based on the facts presented."  *Gall*, 128 S. Ct. at 596-97; *see also Rita*, 127 S. Ct. at 2465 (same).  Courts of Appeals may not "grant greater fact-finding leeway to [the Commission] than to [the] district judge." *Id*. at 2463.  Even the government has "acknowledge[d] that . . . 'courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines.'" *Kimbrough*, 128 S. Ct. at 570.  *See also Gall*, 128 S.Ct. at 602 (finding a sentence

5

outside the Guidelines to be reasonable).

### Offense Conduct/Proportional Punishment

The statutory maximum term of imprisonment is 30 years for a conviction involving the production of child pornography. The PSR, however, suggests that the Court could impose concurrent, partially concurrent, or consecutive terms of imprisonment to the extent necessary to achieve total punishment.  In this case, Mr. Rosa was convicted of three counts of producing child pornography, which involved 6 images of actual child pornography and are specifically referenced in paragraph 8 of the PSR. The imposition of consecutive terms of imprisonment could hardly be justified for the six images referenced in the PSR, especially in light of the harsh penalties provided for each count. The fact that there are allegations of actual sexual abuse of the minors should not be weighed heavily by the Court because Mr. Rosa is charged separately in Oswego County Court with the actual sexual abuse of the minors.

Mr. Rosa should receive consideration from the Court because he entered into a plea agreement with the government and the children were not required to testify.   Mr. Rosa is 38 years old and if the Court were to impose a sentence of 15 years he would remain in federal custody until he was at least 51 years old.  In addition to his federal sentence, his sentencing exposure is 25 years to life for the charges currently pending in Oswego County Court.  If Mr. Rosa is convicted in Oswego County Court, he will not receive the benefit of a concurrent sentence if he is found guilty after trial.   His jury trial is currently scheduled for May 4, 2009, in Oswego County Court.

In achieving a proportional sentence, Mr. Rosa asks this Court to consider sentences meted out for similar pornography production cases in this District.  For example, in the case of

6

*United States v. Pearson,* 04-cr-340, the defendant was facing a 71-count indictment, of which

66 counts involved the production of child pornography.  In that case, Judge McAvoy sentenced

the defendant to the 15-year mandatory minimum term of imprisonment and ran that term

concurrently on all other counts.  In the case of *United States v. Parisi,* 01-cr-351, the Hon.

Lawrence E. Kahn, sentenced the defendant to a term of 150 months for production of child

pornography.  Similarly, in the case of *United States v. Morgan*, 05-cr-539, the defendant was

charged in a 16-count indictment, of which 11 counts involved the production of child

pornography.  The victim in that case was 11 years old.  The defendant was sentenced by the

Hon. Gary L. Sharpe to 188 months' imprisonment on the production counts, to run concurrently

to all other counts charged in the Indictment. As this collection demonstrates, sentences far

below the thirty-year maximum have been found appropriate for conduct similar to that involved

in this case.

## CONCLUSION

The Supreme Court has returned discretion to the sentencing courts and reaffirmed the

principle that sentencing is a uniquely individualized process, which must take into account all

mitigating circumstances surrounding the specific offense and characteristics of the defendant,

including his age.   In this case, Mr. Rosa is 38 years old and a fifteen year sentence in federal

court coupled with to 25 years to life in state court is more than sufficient punishment to satisfy

the statutory purposes of punishment.


DATED:        February 5, 2009                    ALEXANDER BUNIN
                                                  Federal Public Defender

                                          By:    S/Lisa A. Peebles, Esq.

7

First Assistant Federal Public Defender
Bar Roll No. 507041
Clinton Exchange, 3rd Floor
4 Clinton Street
Syracuse, New York   13202
(315) 701-0080

cc:    Lisa Fletcher, Esq., AUSA
       Heather Wescott, USPO
       Efrain Rosa

8